IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARISTIDES CARCAMO,
a/k/a Indio,

    Defendant.
    /

No. CR 08-0730 WHA

**ORDER DENYING RELEASE**

      In December 2008, defendant Aristides Carcamo was released to a half-way house on $150,000 unsecured bond. Then the charges against him were substantially increased, sufficiently so to trigger the presumption favoring detention, and he was re-arrested. The immediate question is whether, in light of the more serious charges, he should remain in custody rather than be released back to the half-way house.

      It is true that for the month he was there, defendant Carcamo abided by all the half-way house rules and had no violations of his release conditions. This is some evidence favoring release. On the other hand, one of the arguments originally made for his release was that he had a job at a nearby construction site and release would allow him to come and go and continue to support his family. In the actual event, however, his employer had only one day of work for him. Defendant spent the rest of the time in the half-way house (building no credit for time served, it might be added). This circumstance (lock-down in the half-way house) reduces the

probative value of the complaint release record. Had defendant come and gone faithfully to the job site on a regular basis, as it was originally proposed, it would have shown more forcefully that he could be trusted. The actual history is less probative. At the Court's request, Pretrial Services has inquired of the employer and the employer now states that it has no work at all for defendant.

In sum, in light of the more serious charges and the more serious proffer by the government, this order finds that defendant has not overcome the presumption favoring detention, so Aristides Carcamo will remain in custody pending further order. This order is without prejudice to an application based on a higher bond and a *secured* bond, and possibly different conditions of release.

**IT IS SO ORDERED.**

Dated: February 17, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE