IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

ARISTIDES CARCAMO,

    Defendant.

No. C 08-00730-26 WHA

**ORDER GRANTING CERTIFICATE OF APPEALABILITY**

On July 31, an order denied Defendant Aristides Carcamo's motion to vacate his sentence pursuant to Section 2255 of Title 28 of the United States Code. Carcamo intends to appeal the dismissal, and requests a certificate of appealability. Specifically, he contends that reasonable jurists could disagree as to whether the residual clause of Section 924(c)(3)(B) of Title 18 of the United States Code is unconstitutionally vague after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

A defendant is entitled to a certificate of appealablity if he "demonstrate[s] that reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As noted in the order dismissing Carcamo's Section 2255 motion, several courts in this district have found Section 924(c)(3)(B)'s residual clause void for vagueness. *See United States v. Baires-Reyes*, 191 F. Supp. 3d 1046, 1048 (N.D. Cal. 2016) (Judge Edward Chen); *United States v. Bell*, 158 F. Supp. 3d 906 (N.D. Cal. 2016) (Judge William Orrick). Indeed, since the *Johnson* opinion, this has been a closely contested issue that has split district courts within this circuit.

Here, Carcamo has shown that reasonable jurists could, and have found debatable the conclusion that the residual clause of section 924(c) is not void for vagueness, and accordingly has satisfied the lenient standard required for issuance of a certificate of appealability. His motion for a certificate of appealability is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 11, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE